IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary Of Labor, U.S. Department of Labor, | ) ) |
| Plaintiff, | ) NO. 3:17-cv-01381 ) ) JUDGE CAMPBELL |
| v. | ) ) |
| RAUL PEREGRINO, an individual, and RAUL PEREGRINO d/b/a RAUL PEREGRINO DRYWALL, a/k/a PEREGRINO'S DRYWALL | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Raul Peregrino and Raul Peregrino d/b/a/ Raul Peregrino Drywall, a/k/a Peregrino's Drywall ("Defendants"), Motion to Dismiss and Supporting Memorandum of Law. (Doc. Nos. 16, 17). Plaintiff filed a response in opposition (Doc. No. 24), and Defendant has replied. (Doc. No. 27). For the reasons discussed below, Defendant's Motion to Dismiss is **DENIED**, and Defendant's request for a more definite statement is **GRANTED**.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally brought this action pursuant to 29 U.S.C. § 201 *et seq.*, against Defendants on October 18, 2017. (Doc. No. 1). Plaintiff alleges under the Fair Labor Standards Act ("FLSA"), Defendants are employers within the meaning of Section 203(d) of the FLSA and engage in the business of construction and drywall work in Tennessee. (*Id.* at II). Plaintiff further alleges Defendants intentionally misclassified employees as "independent contractors" and permitted them to work as construction workers, translators, and clerical workers. (*Id.* at II-III). According to the Complaint, Defendants failed to pay employees overtime for working over forty

1

hours in a workweek in violation of the FLSA. (*Id.* at III-IV). Since December 2014, Defendants have alleged willfully and repeatedly violated the FLSA, by failing to preserve records indicating the hours worked by each employee, as required by the FLSA. (*Id.* at V). Plaintiff requests the Defendants be permanently enjoined from violating the FLSA and restrain Defendants from withholding payment of wages due to employees named in "Exhibit A". (*Id.* at VII). Defendants filed their Motion to Dismiss on January 17, 2018, under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Doc. No. 16). In the alternative, Defendants request Plaintiff be required to provide a more definite statement under Rule 12(e).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When a complaint includes well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. *Id*. at 1.

Federal Rules of Civil Procedure Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Federal courts generally

disfavor motions for more definite statements. *E.E.O.C. v. FPM Group, Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. Sept. 28, 2009) (citing *Federal Ins. Co. v. Webne,* 513 F.Supp.2d 921, 924 (N.D. Ohio 2007). Thus, in view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions. A motion under Rule 12(e) should not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *E.E.O.C. v. FPM Group, Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. Sept. 28, 2009) (quoting *Shirk v. Fifth Third Bancorp,* 2008 WL 4449024 at *8 (S.D. Ohio 2008)). Accordingly, if the complaint meets the notice pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, the motion should be denied. *Shirk,* 2008 WL 4449024 at *8.

### III. ANALYSIS

Defendants argue Plaintiff's Complaint should be dismissed because Plaintiff fails to plead with particularity facts to support its allegations and the Complaint is replete with conclusory allegations that parrot the elements of the FLSA. (Doc. No. 17). Plaintiff responds by stating the Complaint submits a short and plain statement of facts to show entitlement to relief for Defendants violations under the FLSA. (Doc. No. 24).

To state a claim under the FLSA, a plaintiff must state sufficient facts to allege, "(1) the existence of an employer-employee relationship, (2) the employees are protected by the FLSA, and (3) employer's failure to pay the employee overtime or a minimum wage as required for those acts." *Busch v. Metro Pcs d/b/a Tablet Solutions, Inc.*, 2016 WL 705226 (W.D. Tenn. Feb. 18, 2016) (citing *Carter v. Jackson-Madison Cnty. Hospital District*, 2011 WL 1256625 at *5 (W.D. Tenn. 2011)). District Courts within the Sixth Circuit apply a less strict approach to pleading requirements under the FLSA, and does not require extensive, detailed factual pleadings provided

a defendant is given sufficient notice of the claims asked to defend. *Roberts v. Corrections Corp. of America*, 2015 WL 3905088 at *7 (M.D. Tenn. June 25, 2015); *see also Miller v. AT&T Corp.*, 2013 WL 5566698 at *2 (N.D. Ohio Oct. 9, 2013), *Pope v. Walgreen Co.,* 2015 WL 471006 (E.D. Tenn. Feb. 4, 2015) (finding that requiring a plaintiff to specify in their complaint a particular week in which they worked more than forty hour would be too rigid).

The arguments contained in the briefs of both parties do not equip the Court with sufficient measures to rule on the Rule 12(b)(6) motion. First, Defendants' motions to dismiss relies on a defense that is outside the scope of the current Complaint. (Doc. No. 17). Defendants requests the Court to dismiss Plaintiff's complaint on the grounds that Defendants' workers are "independent contractors" instead of "employees" as defined under the FLSA. While the Sixth Circuit distinguishes an "employee" from an "independent contractor," Defendants' assertion of a defense is not an appropriate ground to dismiss a complaint because the Court must only look to the allegations pleaded in the Plaintiff's Complaint. Defendants' assertion that workers signed an Independent Contractor Agreement that designated the workers as independent contractors falls outside the scope of the Complaint. (Doc. No. 17 at 2).

In response, Plaintiff addresses an argument not raised by the Defendant. (Doc. No. 24). Plaintiff focuses much of its response on the statute of limitations and asserts Defendants have the obligation to plead affirmative defenses. However, when determining whether to dismiss Plaintiff's Complaint, the Court must only look to whether the Complaint states a claim for relief, not arguments in Plaintiff's briefings. *See Guzman v. U.S. Dep't of Homeland Sec.,* 679 F.3d 425, 429 (6th Cir. 2012). The Court certainly will not consider arguments the parties do not even raise.

Here, the Court must determine whether Plaintiff pleaded sufficient facts to place Defendants on notice under the Sixth Circuits FLSA pleading requirements. The Court determines

Plaintiff's Complaint imitates the statutory language under the FLSA, and does not provide sufficient factual support under the FLSA. (Doc. No. 1 ¶ III). Plaintiff alleges merely that, "[the] misclassified employees [worked] as construction workers, as translators, and as clerical workers" and "Defendants' employees worked on goods or materials…by virtue of performing construction work, drywall work, and services related thereto…" (*Id.*). These facts are not sufficient to establish an employee-employer relationship under the FLSA.[1] Plaintiff further alleges, "Employees were paid a day rate that did not provide for time and a half when they worked over 40 hours in a workweek." (*Id.*). While the Sixth Circuit has a less stringent requirement for pleading the exact number of hours or the exact date and time a plaintiff works[2], the Complaint is devoid of facts to show the range of rates at which the employees were paid, that employees were paid less than minimum wage, or allegations that Defendants lacked timekeeping related to their basic job functions. *See Potts*, 2014 WL 7180164 at *3. Furthermore, Plaintiff has not pleaded facts to show the employees are protected under the FLSA.

However, while Plaintiff's Complaint merely cites language included in 29 U.S.C § 201 *et seq.*, without providing any specific facts, the Court believes the Complaint places the Defendants on notice of the claims against them under the Sixth Circuit FLSA pleading standard. Accordingly, the Court **DENIES** Defendant's motion to dismiss, but **GRANTS** Defendant's motion for a more

---

[1] *See Simpson*, 2018 WL 1070897 at *6 (finding that plaintiff alleged she continuously worked for employer for twelve years, no indication she worked for any other employer, overtime claim alleged she did not have time to perform other work, facts supported she had little control over her work, she was assigned tasks that required no skill or training to perform them, and was issued a W-2 instead of the IRS Form 1099 issued to independent contractors).

[2] "In general, FLSA plaintiffs are not required to plead with specificity the exact number of hours for which they seek compensation, the exact amount in controversy, or the exact times and dates on which the violations allegedly occurred." *Potts v. Nashville Limo & Transport, LLC*, 2014 WL 7180164 at *3 (M.D. Tenn. Dec. 16, 2014) *(Citing Myers v. Copper Cellar Corp.,* 192 F.3d 546, 551 (6th Cir.1999)).

definitive statement under Fed. R. Civ. P. Rule 12(e). The Court hereby orders Plaintiff to submit a more definitive complaint within 14 days of entry of this order. Failure to do so will be viewed by the Court that Plaintiff intends to rely on its original Complaint and the Court will revisit the sufficiency of that pleading consistent with the analysis provided herein.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE